Eric Bensamochan, Esq. SBN255482
The Bensamochan Law Firm, Inc.
9025 Wilshire Blvd., Suite 215
Beverly Hills, CA 90211
Tel: (818) 574-5740
Fax: (818) 961-0138
Email: eric@eblawfirm.us

# UNITED STATES BANKRUPTCY COURT

# CENTRAL DISTRICT OF CALIFORNIA

# LOS ANGELES DIVISION

| | |
|---|---|
| In re: | Lead Bankruptcy Case: 2:21-bk-13523-ER |
| **URBAN COMMONS, LLC** | Adversary Proceeding: 2:21-ap-01209-ER |
| Debtor-in-possession | **ANSWER TO AMENDED COMPLAINT** |
| **BERRITTO ENTERPRISES, LLC** | |
| Plaintiff, | |
| vs. | |
| **URBAN COMMONS, LLC; SKY HOLDINGS, LLC; TAYLOR WOODS AND HOWARD WU** | |
| Defendants | |

Defendant, Urban Commons, LLC, through and by counsel, hereby answers the Amended Complaint, filed by Plaintiff Berritto Enterprises, LLC, as follows:

1. Defendant can neither admit nor deny the allegations contained in Paragraph 1 of the Complaint on the basis that he lacks sufficient knowledge to admit or deny those allegations.

ANSWER TO AMENDED COMPLAINT
-1-

2.  Defendant neither admits nor denies the allegations contained in Paragraph 2 of the Complaint on the basis that he is not aware of such facts. Defendant denies the allegations contained in Paragraph 2 with respect to any fraudulent conduct.

3.  Defendant neither admits nor denies the allegations contained in Paragraph 3 of the Complaint on the basis that these allegations are legal conclusions.

4.  Defendant neither admits nor denies the allegations contained in Paragraph 4 of the Complaint on the basis that these allegations are legal conclusions.

5.  Defendant neither admits nor denies the allegations contained in Paragraph 5 of the Complaint on the basis that these allegations are legal conclusions.

6.  Defendant neither admits nor denies the allegations contained in Paragraph 6 of the Complaint on the basis that these allegations are legal conclusions.

7.  Defendant denies the allegations in Paragraph 7 of the complaint.

8.  Defendant neither admits nor denies the allegations contained in Paragraph 8 of the Complaint on the basis that these allegations are legal conclusions.

9.  Defendant neither admits nor denies the allegations contained in Paragraph 9 of the Complaint on the basis that these allegations are legal conclusions.

10.  Defendant neither admits nor denies the allegations contained in Paragraph 10 of the Complaint on the basis that these allegations are legal conclusions.

11.  Defendant denies the allegations in Paragraph 11 of the complaint.

12.  Defendant denies the allegations in Paragraph 12 of the complaint.

13.  Defendant neither admits nor denies the allegations in Paragraph 13 of the complaint on the basis that Defendant is not aware of such facts.

14. Defendant neither admits nor denies the allegations in Paragraph 14 of the complaint on the basis that Defendant is not aware of such facts.

15. Defendant neither admits nor denies the allegations in Paragraph 15 of the complaint on the basis that Defendant is not aware of such facts.

16. Defendant neither admits nor denies the allegations in Paragraph 16 of the complaint on the basis that Defendant is not aware of such facts.

17. Defendant neither admits nor denies the allegations in Paragraph 17 of the complaint on the basis that Defendant is not aware of such facts.

18. Defendant neither admits nor denies the allegations in Paragraph 18 of the complaint on the basis that Defendant is not aware of such facts.

19. Defendant neither admits nor denies the allegations in Paragraph 19 of the complaint on the basis that Defendant is not aware of such facts.

20. Answering defendant lacks sufficient information to admit or deny the allegations contained in paragraph 20 of the complaint.

21. Defendant neither admits nor denies the allegations in Paragraph 21 of the complaint on the basis that Defendant is not aware of such facts.

22. Defendant neither admits nor denies the allegations in Paragraph 22 of the complaint on the basis that Defendant is not aware of such facts.

23. Defendant neither admits nor denies the allegations in Paragraph 23 of the complaint on the basis that Defendant is not aware of such facts.

24. Defendant neither admits nor denies the allegations in Paragraph 24 of the complaint on the basis that Defendant is not aware of such facts.

25. Answering defendant lacks sufficient information to admit or deny the allegations contained in paragraph 25 of the complaint.

26. Answering defendant lacks sufficient information to admit or deny the allegations contained in paragraph 26 of the complaint.

27. Answering defendant lacks sufficient information to admit or deny the allegations contained in paragraph 27 of the complaint.

28. Defendant incorporates, by this reference, Paragraphs 1-28 of this Answer to the Complaint.

29. Defendant denies the allegations in Paragraph 29 of the complaint.

30. Defendant neither admits nor denies the allegations contained in Paragraph 30 of the Complaint on the basis that these allegations are legal conclusions.

31. Defendant denies the allegations in Paragraph 31 of the complaint.

32. Answering defendant lacks sufficient information to admit or deny the allegations contained in paragraph 32 of the complaint.

33. Defendant neither admits nor denies the allegations contained in Paragraph 33 of the Complaint on the basis that these allegations are legal conclusions.

34. Defendant neither admits nor denies the allegations contained in Paragraph 34 of the Complaint on the basis that these allegations are legal conclusions.

35. Defendant denies the allegations in Paragraph 35 of the complaint.

36. Defendant incorporates, by this reference, Paragraphs 1-36 of this Answer to the Complaint.

37. Answering defendant lacks sufficient information to admit or deny the allegations contained in paragraph 37 of the complaint.

38. Defendant denies the allegations in Paragraph 38 of the complaint.

39. Answering defendant lacks sufficient information to admit or deny the allegations contained in paragraph 39 of the complaint.

40. Defendant neither admits nor denies the allegations contained in Paragraph 40 of the Complaint on the basis that these allegations are legal conclusions.

41. Defendant incorporates, by this reference, Paragraphs 1-41 of this Answer to the Complaint.

42. Defendant neither admits nor denies the allegations contained in Paragraph 42 of the Complaint on the basis that these allegations are legal conclusions.

43. Defendant neither admits nor denies the allegations contained in Paragraph 43 of the Complaint on the basis that these allegations are legal conclusions.

44. Defendant denies the allegations in Paragraph 44 of the complaint.

45. Answering defendant lacks sufficient information to admit or deny the allegations contained in paragraph 45 of the complaint.

46. Defendant incorporates, by this reference, Paragraphs 1-46 of this Answer to the Complaint.

47. Answering defendant lacks sufficient information to admit or deny the allegations contained in paragraph 47 of the complaint.

48. Defendant denies the allegations in Paragraph 48 of the complaint.

49. Defendant neither admits nor denies the allegations contained in Paragraph 49 of the Complaint on the basis that these allegations are legal conclusions.

50. Defendant denies the allegations in Paragraph 50 of the complaint.

51. Defendant denies the allegations in Paragraph 51 of the complaint.

# I. GENERAL AND SPECIFIC DENIALS

1. Defendant through counsel denies, generally and specifically, each and every allegation contained in the Complaint.

2. Defendant, through counsel, denies generally and specifically, that Plaintiff has been damaged in any sum, or at all, by reason of any act or omission by Defendant.

3. Defendant further denies, generally and specifically, that Plaintiff is entitled to any relief whatsoever.

## AFFIRMATIVE DEFENSES

Defendant alleges the following affirmative defenses and reserves the right to assert additional defenses:

### FIRST AFFIRMATIVE DEFENSE

**(Failure to State a Claim)**

1. As a First and Separate Affirmative Defense, Defendant alleges that Plaintiff's Complaint and each claim for relief therein fails to state facts sufficient to state a claim against Defendant.

### SECOND AFFIRMATIVE DEFENSE

**(Statutes of Limitation)**

2. As a Second and Separate Affirmative Defense, Defendant alleges that Plaintiff's Complaint and each claim for relief therein is barred by the applicable statutes of limitation.

### THIRD AFFIRMATIVE DEFENSE

**(Laches)**

3. As a Third and Separate Affirmative Defense, Defendant alleges that Plaintiff's Complaint and each claim for relief therein is barred by the equitable doctrine of laches in that

the Plaintiff has unreasonably delayed in filing this complaint and said unreasonable delay has resulted in, and will continue to result in, Defendant suffering damages due to prejudice.

### FOURTH AFFIRMATIVE DEFENSE

**(Failure To Mitigate Damages)**

4. As a Fourth and Separate Affirmative Defense, Defendant alleges that Plaintiff's Complaint and for each claim for relief therein, Plaintiff failed to mitigate damages, if any.

### FIFTH AFFIRMATIVE DEFENSE

**(Waiver)**

5. As a Fifth and Separate Affirmative Defense, Defendant alleges that Plaintiff's Complaint and for each claim for relief therein are barred by the defense of waiver.

### SIXTH AFFIRMATIVE DEFENSE

**(Alleged false statements were statements of opinion only)**

6. As a Sixth and Separate Affirmative Defense, Defendant alleges that Plaintiff's Complaint and for each claim for relief therein, that any false statements alleged to have been made by Defendant were statements of opinion only, and thus are not actionable.

### SEVENTH AFFIRMATIVE DEFENSE

**(Unjust Enrichment)**

7. As a Seventh and Separate Affirmative Defense, Defendant alleges that Plaintiff's Complaint and for each claim for relief therein, are barred by the defense of unjust enrichment in that Plaintiff would be unjustly enriched if Plaintiff were to recover any relief requested in the complaint.

## EIGHTH AFFIRMATIVE DEFENSE

### (Lack Of Standing)

8.     As an Eighth and Separate Affirmative Defense, Defendant alleges that Plaintiff's Complaint and for each claim for relief therein are barred by the defense of lack of standing in that Plaintiff lacks standing to file the complaint as Plaintiff is not a real party in interest.

## NINTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

9.     As a Ninth and Separate Affirmative Defense, Defendant alleges that Plaintiff's Complaint and each claim for relief therein are barred by the doctrine of unclean hands.

## TENTH AFFIRMATIVE DEFENSE

### (Estoppel)

10.    As a Tenth and Separate Affirmative Defense, Defendant alleges that Plaintiff's Complaint and each claim for relief therein are barred by the doctrine of estoppel in that Plaintiff is estopped from raising any claim against this Answering Defendant.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Acts or Omissions of Third Parties)

11.    Plaintiff's Complaint, and each and every claim asserted therein, is barred, in whole or in part, to the extent that Plaintiff's purported injuries and damages were not proximately caused by any acts or conduct by Defendant, but rather by the conduct of third parties and/or their agents, employees, servants and contractors not currently named in the Complaint. Thus, if Plaintiffs, or the interests Plaintiffs represent, is found to have sustained or to be entitled to any damages whatsoever, the Defendant is not liable for those damages at all or is entitled to indemnification or contribution from the responsible third parties.

### TWELFTH AFFIRMATIVE DEFENSE

### (Mistake)

12. As a Twelfth and Separate Affirmative Defense, Defendant alleges that Plaintiff's Complaint and each claim for relief therein are barred by the doctrine of mistake.

### THIRTEENTH AFFIRMATIVE DEFENSE

### (Lack of Intent or Knowledge)

13. As a Thirteenth and Separate Affirmative Defense, Defendant alleges that Plaintiff's Complaint and each claim for relief therein are barred due to the lack of requisite intent and/or knowledge by Defendant.

### FOURTEENTH AFFIRMATIVE DEFENSE

### (Ratification)

14. As a Fourteenth and Separate Affirmative Defense, Defendant alleges that Plaintiff's Complaint and each claim for relief therein are barred in that Plaintiff ratified all acts or omissions by Defendant, if there were any.

### FIFTEENTH AFFIRMATIVE DEFENSE

### (Set Off)

15. Plaintiff's Complaint, and each and every claim therein, is barred, in whole or in part, due to setoff or recoupment such that the amount of Plaintiffs' damages, if any, must be reduced, in whole or in part, by the amount of the setoff or recoupment.

### SIXTEENTH AFFIRMATIVE DEFENSE

### (Attorneys' Fees Not Recoverable)

16. Plaintiff cannot recover any attorneys' fees from Defendant, as Plaintiff lacks any contractual or statutory basis to recover them.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

**(Other Defenses)**

17. Defendant has insufficient knowledge or information upon which to form a belief as to whether it might have additional, as yet unstated, separate defenses available. Defendant reserves the right to amend this Answer to add, delete or modify defenses based upon legal theories that may or will be divulged through clarification of the Plaintiff's Complaint, through discovery, or through further legal analysis of Plaintiff's positions in this litigation.

Dated: November 22, 2021　　　　　　　　　By: <u>Eric Bensamochan</u>
　　　　　　　　　　　　　　　　　　　　　　　　Eric Bensamochan, Esq.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

9025 Wilshire Blvd., Suite 215
Beverly Hills, CA 90211

A true and correct copy of the foregoing document entitled (*specify*): **ANSWER TO COMPLAINT** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1**. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) November 22, 2021, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

Peter C Bronstein: peterbronz@yahoo.com
Carolyn A Dye: trustee@cadye.com
United States Trustee: ustpregion16.la.ecf@usdoj.gov

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) November 22, 2021, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

**HON. ERNEST ROBLES**
Edward R. Roybal Federal Building and Courthouse
255 E. Temple Street, Courtroom 1568
Los Angeles, CA 90012

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| November 22, 2021 | Daniel Phelan | /s/ Daniel Phelan |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012    **F 9013-3.1.PROOF.SERVICE**